**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Barbara Estevez, individually and as the Personal Representative of the Estate of Stefan Sprincean, and on behalf of the state and statutory beneficiaries of Stefan Sprincean,<br><br>Plaintiff,<br>v.<br><br>City of North Charleston, et al.,<br><br>Defendants. | Case No. 2:26-1774-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 33) recommending that Defendants Kellogg, Kornahrens, Montanez, and Barlow (the "Individual Defendants")'s motion to dismiss (Dkt. No. 4) Plaintiff's Fifth (Wrongful Death), Sixth (Survival), and Seventh (Loss of Consortium) causes of action be granted. These claims are brought pursuant to the South Carolina Tort Claims Act. The Individual Defendants are patrol officers or employees with the North Charleston Police Department. (Dkt. No. 33 at 2-3) (noting complaint alleges Stefan Sprincean died after disturbance and altercation with store employee at 7-Eleven in North Charleston). The R&R recommends granting the motion to dismiss because under the SCTCA, and absent allegations not present in the complaint, the agency or political subdivision only is the proper defendant. (Dkt. No. 33 at 2). Plaintiff filed a response to the R&R. (Dkt. No. 34). Therein, Plaintiff states that she "does not object to the Report's recommendation for dismissing her fifth (wrongful death), sixth (survival action), and seventh (loss of consortium) causes of action against the Individual Defendants. The South

Carolina Tort Claims Act limits tort actions based on state employee conduct to claims asserted against the governmental entity employer except in instances of intentional/criminal conduct or actions outside the employer's scope of employment that are not alleged here." (Dkt. No. 34 at 2). Plaintiff did ask that the "the Court . . . clarify that dismissal of causes of action 5-7 does not affect the categories of damages available in Ms. Estevez's 42 U.S.C. § 1983 claims (first and second causes of action) against the Individual Defendants." (*Id.*). The individual defendants did not file a reply to Plaintiff's response.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

After a review of the R&R, the Court finds that the Magistrate Judge ably determined that the motion to dismiss Plaintiff's Fifth, Sixth, and Seventh claims against the Individual Defendants should be granted for the reasons stated therein—reasons Plaintiff agrees with. Further, the R&R did not recommend any ruling concerning the "categories of damages available" to Plaintiff's § 1983 claims against the Individual Damages and the Individual Defendants did not file a reply to Plaintiff's response contending otherwise.

Thus, for the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 33) as the Order of the Court and **GRANTS** the Individual Defendants' motion (Dkt. No. 4) to dismiss Plaintiff's Fifth, Sixth, and Seventh causes against them.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 17, 2026
Charleston, South Carolina